UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD ROCKWELL, BRYAN WASHINGTON, JOHN SWIETCZAK, and KELLI BRANNAN, </br></br>  Plaintiffs, </br></br> vs. </br></br> CITY OF CHICAGO, a municipal corporation, </br></br>  Defendant. | 11 C 2632 </br></br> Judge Feinerman |

**MEMORANDUM OPINION AND ORDER**

Ronald Rockwell, Bryan Washington, John Swietczak, and Kelli Brannan brought this lawsuit against the City of Chicago's Department of Human Resources for alleged violations of the *Shakman* consent decree. The Department has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the City of Chicago is substituted for the Department as the party defendant, the motion to dismiss is granted, and the case is dismissed with prejudice.

**Background**

The well-pleaded facts alleged in the complaint are assumed true on a Rule 12(b)(6) motion. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Also pertinent at the Rule 12(b)(6) stage are exhibits attached to the complaint, *see* Fed. R. Civ. P. 10(c); *Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004), and exhibits attached to the parties' briefs that are "referred to" in the complaint and "central to [Plaintiffs'] claim," *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994). *See Hecker v. Deere & Co.*, 556 F.3d

575, 582 (7th Cir. 2009). In addition, orders entered and filings made in this and other courts are subject to judicial notice on a Rule 12(b)(6) motion. *See Cancer Found., Inc. v. Cerberus Capital Mgmt. LP*, 559 F.3d 671, 675 n.2 (7th Cir. 2009); *United States v. Stevens*, 500 F.3d 625, 628 n.4 (7th Cir. 2007). To the extent an exhibit or a judicially noticed court document contradicts the complaint's allegations, the exhibit or document takes precedence. *See Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). Finally, a plaintiff can "plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *see also Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.") (internal quotation marks omitted).

Three of the plaintiffs—Rockwell, Washington, and Swietczak—are plumbers or plumbing inspectors employed by the City's Department of Water Management. Doc. 1 at ¶¶ 3-5. Rockwell applied for seven promotions between September 1998 and April 2005, Washington applied for three promotions in April and May 2001, and Swietczak applied for six promotions between July 1999 and July 2004. With one exception, they were passed over in favor of politically connected applicants. *Id*. at ¶¶ 8-42. The exception was Swietczak, who in June 2000 was promoted to foreman of water pipe construction. *Id*. at ¶ 40.

The fourth plaintiff, Brannan, is an electrical mechanic and member of Local 134 of the International Brotherhood of Electrical Workers. *Id*. at ¶ 6. On April 26, 2008, the Department of Human Resources posted four vacancies for electrical mechanics in the Bureau of Police Motor Maintenance Division, Department of Fleet Management. *Id*. at ¶ 43. Under a collective bargaining agreement, only Local 134 members could be hired. *Id*. at ¶ 48. All applicants were

required to have "apprenticeship training and journeyman status, or an equivalent combination of training and experience," and some positions required an FCC license. *Id*. at ¶ 44; Doc. 1-1 at 13. Brannan, who applied on May 12, 2008, had apprenticeship training, journeyman status, and an FCC license. Doc. 1 at ¶¶ 45-48. Two individuals were hired on May 1, 2008; neither were journeyman electricians, though both had FCC licenses. *Id*. at ¶ 49. Two other individuals were hired on January 5, 2009; neither had an FCC license, and one had not completed the apprenticeship training. *Ibid*.

Plaintiffs brought this suit on April 19, 2011. They allege that the Department of Human Resources discriminated against them on the basis of their political activity (or lack thereof) in violation of the prohibitions imposed as part of the *Shakman* litigation. *See Shakman v. Democratic Org of Cook Cnty.*, No. 69 C 2145 (N.D. Ill.). Two consent judgments from the *Shakman* litigation, called the 1972 Consent Judgment and the 1983 Consent Judgment, prohibit the City (with immaterial exceptions) from considering political activity or affiliation when making employment decisions. *See Everett v. Cook Cnty.*, 655 F.3d 723, 727 (7th Cir. 2011); *Shakman v. City of Chi.*, 426 F.3d 925, 927 (7th Cir. 2005). On May 31, 2007, the City entered into what is known as the *Shakman* Accord. *See* Agreed Settlement Order and Accord, *Shakman*, No. 69 C 2145, Doc. 642, *available at* http://www.shakmanmonitor.com/settlement/ settlement_accord.pdf ("*Shakman* Accord").

The *Shakman* Accord establishes procedures for bringing *Shakman* claims. Individuals with *Shakman* claims arising from events predating the Accord can seek redress only through a Claims Procedure established by the Accord; individuals with claims arising from events postdating the Accord may file a complaint with the Office of the City's Inspector General, pursue

arbitration under the Accord, or file a complaint in federal court. *See id*. at 15-29; *Shakman v. Democratic Org. of Cook Cnty.*, 2010 WL 3938350, at *1 (N.D. Ill. Oct. 5, 2010). The Claims Procedure "is the exclusive remedy for Class Members seeking remedies for claims under both the 1972 and 1983 Consent Judgments based on events [predating the Accord]." *Shakman* Accord at 4. "Unless such individual Class Member opts-out of the Accord in the manner provided [in the Accord], her or his rights regarding any such claim shall be governed solely by the Claims Procedure." *Id*. at 16. The class includes "all past employees and applicants for employment with the City of Chicago" and "all employees or applicants for employment with the City of Chicago during the life of the Accord." *Id*. at 2.

## Discussion

The Department of Human Resources seeks dismissal on three grounds, which are considered in turn.

First, the Department contends that it is not a suable entity. Plaintiffs fail to respond to this contention, thus forfeiting the point. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995). The Department is correct in any event; individual departments of Illinois municipalities are not juridical entities capable of being sued, and any suit alleging wrongdoing by a municipal department may be brought only against the municipality itself. *See Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993); *Otero v. City of Chi*, 2011 WL 2297649, at *2 (N.D. Ill. June 6, 2011); *Chan v. City of Chi.*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991); *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979). That said, because Plaintiffs easily could amend their complaint under Federal Rule of

Civil Procedure 15(c)(1)(C) to substitute the City of Chicago for the Department, it would make little sense to dismiss this case solely on the ground that the complaint fails to designate a suable entity. *See Castillo*, 990 F.2d at 307. In the interest of efficiency and finality, the court on its own motion substitutes the City of Chicago as the party defendant. *See Navarro v. UIC Med. Ctr.*, 165 F. Supp. 2d 785, 786 (N.D. Ill. 2001).

Second, the City maintains that because the events giving rise to Rockwell's, Washington's, and Swietczak's claims predate the *Shakman* Accord, and because they have not opted out of the Accord, the Accord's Claims Procedure provides the exclusive vehicle to pursue their *Shakman* claims. *See Shakman* Accord, at 4, 16. Plaintiffs do not respond to this argument, again forfeiting the point. *See Alioto*, 651 F.3d at 721; *Wojtas*, 477 F.3d at 926; *Stransky*, 51 F.3d at 1335. Accordingly, Rockwell's, Washington's, and Swietczak's claims are subject to dismissal on this ground, though the dismissal would be without prejudice because it rests not on the merits, but instead on the ground that relief has been sought in the wrong forum. *See T.W. ex rel. Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997); *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989).

As it happens, the City's third argument—that all four plaintiffs' claims are time-barred under the applicable statute of limitations—warrants the dismissal of the entire case with prejudice. "[T]he 180-day period of limitations established by Title VII applies to" *Shakman* claims. *Smith v. City of Chi.*, 769 F.2d 408, 413 (7th Cir. 1985). "[T]he entire corpus of Title VII timing rules, including those defining the accrual of the claim and tolling the period of limitations," applies as well. *Ibid*. Under Title VII timing rules, claims accrued on the date of the allegedly unlawful employment practice—here, the dates Plaintiffs did not receive the

positions for which they applied. *See* 42 U.S.C. § 2000e-5(e)(1); *Brennan v. Daley*, 929 F.2d 346, 349 (7th Cir. 1991); *McDonough v. City of Chi.*, 743 F. Supp. 2d 961, 987 (N.D. Ill. 2010).

"While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011). Here, the complaint identifies the accrual dates for each Plaintiff. For Rockwell, the latest accrual date was April 2005, about six years before this suit was filed. Doc. 1 at ¶¶ 30-32. For Washington, the latest accrual date was May 2001, almost ten years before this suit was filed. *Id*. at ¶ 35. For Swietczak, the latest accrual date was July 2004, almost seven years before this suit was filed. *Id*. at ¶ 42. And for Brannan, the latest accrual date was January 2009, more than two years before this suit was filed. *Id*. at ¶¶ 43-49. Thus, the 180-day limitations period expired well before Plaintiffs filed this suit in April 2011.

In an attempt to save their claims, Plaintiffs argue that principles of equitable estoppel postpone the commencement of the limitations period until the date of "the Tomczak trial," which supposedly is when Plaintiffs first were able to discover their claims. Doc. 30 at 10-11. By "Tomczak," Plaintiffs mean Donald Tomczak, the former First Deputy Commissioner of the Department of Water Management. Doc. 1 at ¶ 13; *see Evans v. City of Chi.*, 2007 WL 4219415, at *3 n.2 (N.D. Ill. Nov. 29, 2007). Tomczak was indicted in 2004 for public corruption and pled guilty before trial. *United States v. Tomczak*, No. 04 CR 921 (N.D. Ill.), Docs. 13, 140. The events surrounding Tomczak's indictment were well-publicized. *See Evans*, 2007 WL 4219415, at *3 n.2. Thus, even if Plaintiffs could not reasonably have known about the City's political

hiring issues until 2004, and even if equity postponed commencement of the limitations period until that date, the statute of limitations would have commenced in 2004 for Plaintiffs' pre-2004 claims and on the date of injury for Plaintiffs' post-2004 claims. It follows that equitable estoppel cannot possibly forestall dismissal of this case on limitations grounds.

**Conclusion**

For the foregoing reasons, this case is dismissed with prejudice, with the City of Chicago being substituted for the Department as the party defendant. Given this disposition, the City's Rule 12(f) motion to strike Plaintiffs' jury demand and prayer for punitive damages is denied as moot.

January 6, 2012                                   _____
                                                         United States District Judge